### IN RE ESTATE OF CHARLES W. SKINNER.

(Filed 12 November, 1919.)

**Descent and Distribution—Personal Property—Half Blood—English Law—Statutes.**

Our statute on the subject of the distribution of personal property is substantially similar to the English law on the subject, and it is held, in conformity with the English decisions thereon, that the distribution of personal property among the collateral relations of the deceased ancestor is equal among those of his whole and half blood.

CONTROVERSY without action, heard before *Allen, J.,* at March Term, 1919, of WAKE.

The controversy is to determine the rights of respective claimants of the whole and half blood to participate in the personal estate of Charles Worth Skinner, deceased intestate, and now in the hands of Joseph B. Cheshire, Jr., administrator.

There was judgment in favor of Mrs. Snow, the claimant of the half blood, and the claimants of the whole blood excepted and appealed.

*L. P. McGehee for appellant.*
*E. W. Ewbank for appellee.*

HOKE, J.  In the case agreed, the family connection and blood relationship of the parties to this proceeding are given as follows:

"1. Thomas E. Skinner, formerly of Raleigh, N. C., married first, Ann Eliza Halsey, of which marriage there were children as follows:

"(a) Sarah Halsey Skinner, who intermarried with Samuel Snow, and who is a party to this proceeding, said Samuel Snow being dead; and

"(b) Thomas Skinner, who died without issue, and whose wife is now dead.  There was no other issue from this marriage.

"2. The said Thomas E. Skinner married, second, Ann Stuart Ludlow, of which marriage there were children who survived infancy as follows:

"(a) Eliza Mary Skinner, who intermarried with George B. McGehee, and who is a party to this proceeding, the said George B. McGehee being now dead.

"(b) J. Ludlow Skinner, who intermarried with Octavia Winder. The said J. Ludlow Skinner is now dead, leaving issue, John Cox Winder Skinner only, who is a party to this controversy.

"(c) Charles Worth Skinner, who is now dead, and his duly qualified administrator, Joseph B. Cheshire, Jr., is party to this controversy. Said Charles Worth Skinner never married.

"No other children of this marriage survived infancy."

It further appeared that the estate, consisting of personal property to the amount of $44,000, less some valid payments made by the administrator, devolved upon Charles Worth Skinner, the intestate under a settlement of his grandfather, John R. Ludlow, by which the property was given to the mother, Ann Stuart Ludlow-Skinner for life, and then to her children, etc.

It seems to have been definitely settled in the English courts, at least as early as 1690, that there is no distinction in the rights of claimants of the half and the whole blood to share in the distribution of personal property.  *Crook v. Watt,* 2d Vernon, 124.  This decision, rendered on 11 February, 1690, was affirmed in the House of Lords at or near the beginning of the Easter Term following, and does not seem to have been afterwards questioned as the correct construction of the statute applicable to the subject.  2 Ventris, 317; 23 Eng. Rep., 689.  The same position has prevailed with great uniformity in the American courts, unless affected by some change in the different State statutes on the sub-

ject. *Prescolt v. Carr,* 29 N. H., 453, reported also in 61 Am. Dec., 652; *Anderson v. Bell,* 140 Indiana, 375, reported in 29 L. R. A., 541; *McKinley v. Mellon,* 8 Delaware, 277; *Deadrick et al. v. Armour,* 29 Tenn., 586; *Ector v. Grant,* 112 Ga., 557. The authoritative text-books, so far as examined, are in accord with the decisions. 2 Black's, 515; 2 Kent, 428; Williams on Personal Property, p. 362; 9 R. C. L., 32-33; 27 Am. and Eng. Enc., 2d ed., 315.

In the citation to Williams, *supra,* it is said: "In tracing the degrees of kindred in the distribution of the intestate's personal estate, no preference is given to males over females; nor to the paternal over the maternal line; nor to the whole over the half blood," etc. The degrees of kindred are reckoned according to the civil law.

In 9 R. C. L., *supra,* it is said: "The rule is nearly uniform that brother and sister of the half blood are included in the statutory provision for descent to brother and sister, unless a contrary intention appears, and the phrase 'of the blood' is held to include half blood, and the term 'next of kin' is construed to include the half blood, especially where the degrees of kinship are reckoned according to the civil law, by which they are equally next of kin."

The precise question as to personal property does not seem to have been presented in this State, but our statute of distribution in the terms appertaining to the question is the same or substantially similar to the English law, which had been construed as above stated. It contains throughout nothing which affects any change in reference to this especial subject, and, on authority, we must approve the ruling of his Honor in awarding her proportionate and equal share to the claimant of the half blood.

There is no error, and the judgment of the Superior Court is

Affirmed.